FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 24 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENISE M. PRINCE,

                      Plaintiff,

-against-

STATE OF NEW YORK, GREENPOINT/CAPITAL
ONE; PETER LEVINE; KORSTEIN VEISZ AND
WEXLER,

                      Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM**
**AND ORDER**

11-CV-5055 (CBA)

AMON, Chief United States District Judge:

*Pro se* plaintiff Denise M. Prince filed the above-captioned complaint on October 14, 2011. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. For the reasons that follow, the complaint is dismissed, with leave to replead within 30 days as set forth below.

### The Complaint

The Court is unable to determine the nature of plaintiff's action. The hand-written complaint demands a jury trial, but does not state a basis for the Court's jurisdiction. The complaint states that plaintiff "put a check in Greenpoint Savings Bank for 6.23 Hundred." (Complaint at 1.)[1] The date of this transaction is not identified. Plaintiff claims that in September 2011 she went to a Capital One branch at 356 Fulton Street to inquire about her account, and "they told [her] to come back." (Id.)[2] Plaintiff states that she called defendant Peter

---

[1] The pages of the Complaint are not numbered; the Court refers to the page numbers assigned by the Electronic Case Filing System.

[2] The Court takes judicial notice that, in 2004, GreenPoint Bank was acquired by North Fork Bank, which was subsequently acquired by Capital One in 2006. See Riva D. Atlas, North Fork to Acquire GreenPoint Financial for $6.3 Billion, N.Y. Times, Feb. 17, 2004, available at http://www.nytimes.com/2004/02/17/business/north-fork-to-acquire-greenpoint-financial-for-6.3-billion.html; Andrew Ross Sorkin & Eric Dash, Capital One Reported in Deal for North Fork, N.Y. Times, March 13, 2006, available at http://www.nytimes.com/2006/03/13/business/

Levine, whose role she does not identify, and he told her to meet him at the branch. Plaintiff alleges that when she arrived at the branch, "'[a] man was sitting with him and said that he was working.' Then he stated that he did'nt [*sic*] see my accounts." (Id. at 2.)

Plaintiff states that she went to the courthouse at 360 Adams Street in Brooklyn on October 14, 2011 to search for files related to Index # 009619/1989. She claims that "[t]here was a paper stating that I gave my monie to chairty I did'n sign any papers stating that. [*sic*]" In a post-script, plaintiff states that she sued for job discrimination in 1988. (Id.) She requests "them to give me my monies that I work for. Plus my suitcase monies from stock." (Id. at 3.) She also appears to request that this complaint be "combine[d]" with two other cases she filed in this Court: case number 08-cv-1882 (CBA) (LB), which was a suit against a homeless shelter that was dismissed in 2008 for lack of subject matter jurisdiction and failure to state a claim; and case number 11-cv-4860 (CBA), which is a claim against the Social Security Administration that plaintiff filed on October 12, 2011. (Id. at 2.)

Plaintiff attaches print-outs from various banks, court cases in the Kings County Supreme Court, and insurance policies.

## Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v.

---

13deal.html?sq=&st=nyt&adxnnl=1&scp=5&adxnnlx=1319041359-pGjxdOaCAc1UL0Wa4eyvHw.

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

In this case, plaintiff does not state the jurisdictional basis of her complaint or include facts to suggest a basis for this Court's jurisdiction. The Court is unable to discern the nature of her claims or identify any basis for relief.

## Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil

3

Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. She must clearly identify each of the named defendants, state what actions each defendant is alleged to have done, and provide dates for all relevant events. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Order. If plaintiff's allegations relate to her other case currently pending before this Court, number 11-cv-4860 (CBA), she should file an Amended Complaint in that case, bearing that docket number.

All further proceedings shall be stayed for 30 days.

## Conclusion

Accordingly, the complaint filed *in forma pauperis* is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiff fails to replead the complaint within 30 days as directed by this Order, judgment dismissing the complaint shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
October 24, 2011

4