UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DENISE M. PRINCE,

                Plaintiff,

-against-

STATE OF NEW YORK, GREENPOINT/CAPITAL
ONE, PETER LEVINE, and KORSTEIN VEISZ &
WEXLER,

                Defendants.
----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

11-CV-5055 (CBA)

AMON, Chief Judge:

*Pro se* plaintiff Denise M. Prince filed the above-captioned complaint on October 14, 2011. By Order dated October 24, 2011, the Court granted plaintiff's request to proceed *in forma pauperis*, but dismissed the complaint, with leave to replead. Plaintiff filed a submission on November 9, 2011; however, it fails to cure the deficiencies of the original Complaint. Accordingly, the action is hereby dismissed.

## BACKGROUND

The original complaint failed to state a basis for the Court's jurisdiction or to indicate the nature of plaintiff's claim and requested relief. It mentioned past court cases in federal and state court, money that she had received, and a bank account at Greenpoint Savings Bank that she could no longer locate or access. As the Complaint failed to conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court dismissed the Complaint and directed plaintiff to submit an amended complaint within 30 days.

On November 9, 2011, plaintiff filed a submission addressed to Chief Judge Carol Bagley Amon, Magistrate Judge Andrew L. Carter, Jr., and "To Whom it May Concern." Although the document bears Docket Number 11-CV-5055-CBA-ALC, it does not otherwise

follow the directions in the Court's October 24, 2011 Order. It does not contain a caption, nor a statement of jurisdiction, nor a statement of claim, nor a demand for relief. Scattered throughout the narrative are references to several individuals, some of whom are identified in the margin as defendants.

The submission mentions plaintiff's past work history, injuries she suffered on the job and in a car accident, medical treatment, an employment discrimination lawsuit, and her past living arrangements in Brooklyn and South Carolina. It also refers to accounts opened at Dime Savings Bank and Liberty Mutual Insurance Company, and suggests that various individuals, including "Sliva", "Allen Jones", and "Eddy", took checks or money out of her accounts. (Amended Complaint at 3.)[1] Plaintiff also states that "Social S. said I had a over payment, took $100,000 out of my checks for years." (Id. at 3.)

Plaintiff states that she received a check from "Guarunty Tr. Federal from Kahn" in 2005 and put the check into Greenpoint Savings Bank at 56 Fulton Street in Brooklyn, now known as Capital One Bank. (Id. at 5.) "In Sept 2011 I stop by the Branch to inquire about my accounts. The Branch told me to call Peter Levine at 516-754-9592 I did. He ask me to meet with him I did another man was sitting with him. Than Mr. Levine quote to me he didn't see anything all of a sudden / started throwing out my papers" [*sic*]. (Id.)

Plaintiff attaches print-outs from various banks, court cases in the Kings County Supreme Court, and insurance policies, as well as a page from the complaint she previously filed against the Social Security Administration in case number 11-cv-4860 (CBA). That case was dismissed by this Court on November 22, 2011 for failure to exhaust administrative remedies.

---

[1] The pages of the Amended Complaint are numbered, but the pages or numbers do not appear in consecutive order. Nonetheless, the Court refers to the page numbers appearing at the top of each page.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotations and citations omitted).

Plaintiff's original complaint failed to comply with the dictates of Rule 8. In light of plaintiff's *pro se* status, the Court gave her an opportunity to re-plead. However, plaintiff's November 9, 2011 submission does not comply with the Court's October 24, 2011 Order, nor does it cure the deficiencies in the original complaint. Plaintiff fails to state the nature of her claims, the relief she seeks, or her basis for invoking this Court's jurisdiction.

"The duty to liberally construe a [pro se] plaintiff's complaint is not the equivalent of a duty to rewrite it." Kirk v. Heppt, 532 F.Supp.2d 586, 590 (S.D.N.Y.2008) (internal quotation marks and alterations omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) ("[T]hough we are obligated to draw the most favorable inferences that [a *pro se*] complaint supports, we cannot invent factual allegations that he has not pled."). Plaintiff's narrative is largely incomprehensible. To the extent it can be deciphered, it fails to inform the Court of what claims plaintiff seeks to bring, or to notify the parties of the claims against them.

Accordingly, the complaint must be dismissed.

## CONCLUSION

Plaintiff has failed to comply with the Court's October 24, 2011 Order. Accordingly, the action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall close this case and enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
December 28, 2011